**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:94-CR-68 CAS |
| | ) | |
| FELIPE MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant's second pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court previously held defendant was not entitled to a reduction in sentence under Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses, because defendant was indicted and pleaded guilty to charges of conspiracy to distribute cocaine, not crack, and therefore Amendment 706 was not applicable. Defendant now states that he is not seeking a reduction under Amendment 706, but rather, he argues that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) made the Sentencing Guidelines advisory and discretionary, which, according to defendant, affects the application of Section 3582(c)(2). Defendant argues, any amendments promulgated by the Sentencing Commission, whether voted retroactive or not, can be used to reduce a sentence. Without specifying a specific amendment, defendant urges the Court to consider the factors set forth in Section 3553(a) and reduce his sentence based on "what he has accomplished in prison since 1994." Def. Mot. at 3. [Doc. 127]

While the Court commends defendant for his efforts in prison, it does not have the authority to reduce defendant's sentence. Section 3582(c)(2) strictly limits a court's ability to modify a term of imprisonment. The statute provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Under the language of the statute, this Court's authority to modify a final judgment is limited to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant has not identified any amendment promulgated by the Sentencing Commission that would lower his sentencing range, therefore he is not entitled to a reduction pursuant to § 3582(c)(2). The Court is not free to ignore the requirements that Congress has established for modification of a criminal sentence. See United States v. Blackwell, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[] jurisdiction to do so.").

To the extent defendant is arguing that Booker gives the Court the authority to reduce his sentence, this argument must also be rejected. By the terms of the statute, a court only has the authority to modify a sentence when the range has been lowered "by the Sentencing Commission

2

pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Even if Booker were relevant to defendant's case, Section 3582(c)(2) "only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2005), cert. denied, 547 U.S. 1185 (2006). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (Supreme Court decision was inapplicable to § 3582(c)(2) motions); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (§ 3582(c)(2) "authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 898 (5th Cir. 2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."). Furthermore, the Eighth Circuit has held that Booker has no application to 18 U.S.C. § 3582(c). U.S. v. Starks, 551 F.3d 839, 842 (8th Cir. 2009) ("We do not infer that the Court in Booker invalidated Congress's limitation on a district court's authority to reduce sentences under § 3582(c).") Booker simply does not provide a basis for sentence reduction under Section 3582(c)(2). As a result, defendant's motion for relief under § 3582(c)(2) should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 127]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of June, 2009.